UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re: | ) Case No. 15-52525 |
| WRIGHT NEWMAN DUNCAN, JR., | ) Chapter 11 |
| | ) Judge Austin E. Carter |
| Debtor | ) |
| RREF II PB-GA, LLC, | ) |
| Movant | ) |
| v. | ) CONTESTED MATTER |
| WRIGHT NEWMAN DUNCAN, JR., Debtor, | ) |
| Respondent | ) |

**RREF II PB-GA, LLC'S MOTION TO DISMISS
BANKRUPTCY CASE AS BAD FAITH FILING**

Secured creditor, RREF II PB-GA, LLC ("RREF"), by undersigned counsel and pursuant to 11 U.S.C. §1112(b), files this Motion to Dismiss Bankruptcy Case as Bad Faith Filing. In support of its motion, RREF states as follows:[1]

**A. This Case has been filed in bad faith and should be dismissed pursuant to 11 U.S.C. §1112(b).**

It is well-settled in the Eleventh Circuit and elsewhere that a bankruptcy case filed in bad faith constitutes "cause" for dismissal of the case under Bankruptcy Code § 1112(b). *In re*

---

[1] In further support of this Motion to Dismiss, RREF refers the Court to its concurrently filed Motion for Relief from Stay that provides a timeline of events and explains RREF's interest in this case.

{M1070730.1} 1

*Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988); *In re Natural Land Corporation*, 825 F.2d 296 (11th Cir. 1987); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984).

"[T]here is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *Phoenix Piccadilly* at 1394, *citing Albany Partners* at 674. As the court in *Home Federal Savings v. Club Candlewood Assoc., L.P. (In re Club Candlewood Assoc., L.P.)*, 106 B.R. 752, 757 (Bankr. N.D. Ga. 1989) stated "... it is not the per se existence of many of such indicia, standing alone, which necessarily mandate a finding of bad faith. It is the entire context of the circumstances which compel the inference of abuse of the court's jurisdiction." *See also In re Clinton Fields, Inc.*, 168 B.R. 265, 268 (Bankr. M.D. Ga. 1994).

Here, the Debtor's filing of a Chapter 11 petition on the eve of foreclosure sales based upon a debt that matured on March 20, 2015, evidences a bad faith filing. Filing a bankruptcy petition simply to forestall and delay a state court action, with no intention to effectuate a legitimate reorganization, constitutes an abuse of the Bankruptcy Code. *See In re Indian Rocks Landscaping of Indian Rocks Beach, Inc.*, 77 B.R. 909 (Bankr. M.D. Fla. 1987).

Moreover, the Debtor's election to file for Chapter 11 instead of Chapter 13 relief is a further indication of bad faith in this instance. Although the Debtor appears to easily qualify for a Chapter 13 case, he nevertheless elected to file a Chapter 11 petition. Unlike in Chapter 13, an individual Chapter 11 debtor is not required to start making plan payments towards secured creditors within the first month of filing the petition. In Chapter 11, the Debtor can initially continue to occupy the premises without making any payments towards the debt owed to RREF.

{M1070730.1}2

Because the Debtor's obligation to RREF has matured, the only treatment permissible in a Chapter 13 case would be to pay off the balloon over the life of the plan under 11 U.S.C. § 1322(c). Those payments must be in equal monthly installments pursuant to 11 U.S.C. § 1325(a)(5). *See In re Kelly*, 238 B.R. 808, 810 (Bankr. M.D. Fla. 2002) ("a debtor in a chapter 13 may deal with a fully matured mortgage provided the mortgage is fully paid off and satisfied before the last payment on the mortgage under the confirmed Chapter 13 plan is due."); *see also In re Lobue*, 189 B.R. 216 (Bankr. S.D. Fla. 1995). Here, RREF does not believe the Debtor has sufficient income to pay anything close to the full debt within a reasonable period of time. Indeed, prepetition, the Debtor did not even have sufficient income to maintain the properties, as evidenced by RREF's forced placement of $3,116.80 in property taxes on April 10, 2015.

The Debtor's use of these Chapter 11 proceedings as a delay tactic is further demonstrated by the November 12, 2015 application for an extension of time to file the Debtor's bankruptcy schedules and other required information without providing any reason for the delay. In filing a Chapter 11 bankruptcy petition, good faith requires that the debtor have a reasonable expectation of reorganization. *In re French Gardens, Ltd.*, 58 B.R. 959, 964 (Bankr. S.D. Tex. 1986). Once a creditor has established a prima facie case of a bad faith filing, the burden shifts to the debtor to show a legitimate purpose for the filing of the bankruptcy petition, namely, to reorganize. *See In re Eighty South Lake, Inc.*, 63 B.R. 501, 508–09 (Bankr. C.D. Cal. 1986). This, the Debtor cannot do.

**WHEREFORE**, RREF II PB-GA, LLC respectfully requests that this Court enter an Order dismissing the Debtor's Chapter 11 bankruptcy case with a one-year bar against re-filing and granting such other and further relief as the Court deems just and proper.

Dated: November 16, 2015

Respectfully Submitted,

**JONES WALKER LLP**
*Attorneys for RREF II PB-GA, LLC*
One Midtown Plaza
1360 Peachtree St, NE, Suite 1030
Atlanta, GA 30309
Email: *sdrobny@joneswalker.com*
Telephone: 404.870.7500
Facsimile: 404.870.7501

By: */s/ Stephen P. Drobny*
　　　Stephen P. Drobny
　　　Georgia Bar No. 430447

### CERTIFICATE OF SERVICE

　　This is to certify that the undersigned has on this date electronically filed the foregoing "Motion to Dismiss Bankruptcy Case as Bad Faith Filing" using the Court's CM/ECF system, which caused an electronic copy of the motion to be served on the Debtor's counsel, United States Trustee and all other parties receiving electronic notice.
　　I further certify that on this date a copy of the Motion to Dismiss was also served upon the Debtor and all parties appearing on the Creditor Mailing Matrix, a copy of which is attached hereto, by First Class United States Mail.

Dated November 16, 2015

By: */s/ Stephen P. Drobny*
　　　Stephen P. Drobny

```
Label Matrix for local noticing          Katz, Flatau & Boyer, L.L.P.              433 Cherry Street
113G-5                                   355 Cotton Avenue                         P.O. Box 1957
Case 15-52525                            Macon, GA 31201-2636                      Macon, GA 31202-1957
Middle District of Georgia
Macon
Mon Nov 16 14:31:56 EST 2015

(p)BB AND T                              BP                                        Bell South
PO BOX 1847                              PO Box 70887                              c/o I C Systems Collections
WILSON NC 27894-1847                     Charlotte, NC 28272-0887                  PO Box 64378
                                                                                   Saint Paul, MN 55164-0378


CACH, LLC                                Capital One                               Family Dental Group
c/o Scherr & McClure, PA                 PO Box 30281                              c/o Credit Bureau Associates
1064 Greenwood Blvd, Ste 328             Salt Lake City, UT 84130-0281             420 College Street
Lake Mary, FL 32746-5419                                                           Macon, GA 31201-6707


Michael W. Early, MD                     Office of U.S. Trustee                    Office of U.S. Trustee
c/o Advance Bureau of Collections        c/o Elizabeth A. Hardy                    c/o Robert G. Fenimore
135 Lamar Street                         Assistant U.S. Trustee                    Trial Attorney
Macon, GA 31204-3007                     440 MLK Jr. Blvd Ste 302                  440 MLK Jr. Blvd Ste 302
                                         Macon, GA 31201-7987                      Macon, GA 31201-7987


Peach County Tax Commissioner            RREF II PB-GA, LLC                        U.S. Trustee - MAC
PO Box 931                               c/o Stephen P. Drobny, Esq.               440 Martin Luther King Jr. Boulevard
Fort Valley, GA 31030-0931               Jones Walker LLP                          Suite 302
                                         One Midtown Plaza                         Macon, GA 31201-7987
                                         1360 Peachtree St., Suite 1030
                                         Atlanta, GA 30309-3284


Valley Insurance                         Verizon Wireless                          Wesley J. Boyer
302 Vineville Street                     c/o Pinnacle Credit Services              Katz, Flatau, Popson and Boyer, LLP
Fort Valley, GA 31030-4155               PO Box 640                                355 Cotton Avenue
                                         Hopkins, MN 55343-0640                    Macon, GA 31201-2636


Wright Newman Duncan Jr.
30 Duncan Street
Fort Valley, GA 31030-4593
```

             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
BB&T                                     (d)BB&T
Attn:  General Recovery                  PO Box 1847
PO Box 1489                              Wilson, NC 27894
Lumberton, NC 28359-1489
```

             The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)RREF II PB-GA, LLC

(u)RREF II PB Acquisisions, LLC
as assignee of Bank of Perry

End of Label Matrix
Mailable recipients    18
Bypassed recipients     2
Total                  20